## LEBER et al. v. CAMPBELL STORES.

(City Court of New York, General Term. March 2, 1900.)

WAREHOUSEMEN—NEGLIGENCE—QUESTION FOR JURY.
  A bailee, whose duty it was to place in its warehouse perishable property received by it in good condition, left the property on a wharf in severe weather, where it was frozen, though warned by the owner that leaving the goods there would cause injury. Held, that the question of defendant's negligence, and whether leaving the property on the wharf caused the freezing, were questions for the jury.

Appeal from special term.

Action by Edward F. Leber and others against the Campbell Stores. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before FITZSIMONS, C. J., and O'DWYER, J.

Hyde & Leonard, for appellant.
Maurice J. Katz, for respondents.

PER CURIAM. It was clearly the duty of the defendant to place the goods in question in its warehouse. Instead, it allowed the kraut to remain in a very exposed place on its wharf, in the severest and most inclement weather during last winter. If this act was the cause of the damage, then, of course, defendant was liable to plaintiffs for the injuries sustained. We think that there was abundant evidence showing that if defendant had performed its duty, and placed the kraut in the storagehouse, away from the wind and weather, it would not have been injured. Besides, plaintiffs duly warned defendant that failure to remove the goods from the wharf into the warehouse would surely cause its injury. Such warning passed unheeded, and was ignored. Under these circumstances, we think the question of defendant's negligence was a question of fact for the jury, and that it was properly submitted to them. It was also a question of fact whether such act was really the cause of the freezing of the kraut, and was also properly submitted. The evidence also shows that it was in good condition at the time of its delivery to defendant. We do not think the verdict was excessive; in fact, it was reasonable. The evidence justified a larger one. We cannot find any reason why the judgment should be reversed. It is affirmed, with costs.

Judgment and order appealed from affirmed, with costs.